IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MANDEL TYRE BROWN | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-21-2832 |
| WARDEN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents | * | |
| | *** | |

**MEMORANDUM OPINION**

Respondents, the Warden of the Baltimore City Correctional Center and the Attorney General of Maryland, have filed a limited response to Petitioner Mandel Tyre Brown's pro se petition for a writ of habeas corpus. Respondents argue that the petition must be dismissed for failure to exhaust available remedies. The Court finds that it can resolve the motion without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the following reasons, the Petition is dismissed without prejudice and a certificate of appealability shall not issue.

**I.     Background**

The Petition challenges calculation of Brown's state sentence imposed on January 12, 2016 in Anne Arundel County Circuit Court. ECF No. 1 at 4. Although for this Petition, Brown used pre-printed forms applicable to challenging federal criminal decisions, he clearly is in state custody claiming error as to his state sentence; thus, the Petition is one brought pursuant to 28 U.S.C. § 2254. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016); *see also Castro v. United States*, 540

U.S. 375, 381–82 (2003) (pro se litigant's pleading recast to "create a better correspondence between the substance ... of [the] claim and its underlying legal basis").

On January 12, 2016, the Anne Arundel County Circuit Court sentenced Brown on one count of attempted robbery to 15 years' imprisonment, all but two years suspended, with credit for 218 days' time served. ECF No. 3-1 at 6, 23. The Circuit Court expressly noted that the sentence commenced on June 9, 2015 (218 days before January 12, 2016), as reflected in the commitment record. ECF 3-1 at 27. Brown never appealed his conviction or sentence.

Evidently, Brown has completed his prison sentence on the Anne Arundel matter and is serving a separate sentence for a violation of probation in another case. ECF No. 3 n. 3. Nonetheless, on July 31, August 18, and September 21, 2020, Brown wrote the Anne Arundel County Circuit Court contending that his sentence erroneously commenced on January 12, 2016, not June 9, 2015, and asked the court to correct the error. *Id*. at 5-6, 28. The Circuit Court denied his request and Brown sought no further relief. *Id*. at 5-6.

After Brown filed this Petition, he next filed a motion in Circuit Court arguing breach of his plea agreement arising from the alleged erroneously calculated incarceration term. ECF No. 3-1 at 5, 33. The Circuit Court denied the motion, finding that no breach of the agreement occurred and that the commitment record "is accurate." *Id.* Brown did not appeal this decision.

**II**.   **Discussion**

Exhaustion of state court remedies is a necessary perquisite before filing a federal Petition pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This requirement is satisfied by "'fairly present[ing]' the claims in each appropriate state court[.]" Baldwin *v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). "[A]

federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000).

Brown requested that the Circuit Court correct the alleged sentencing error on several occasions, but he never appealed any of the denials that followed. Further, it does not appear that Brown has filed for any post-conviction relief or habeas petition in state court challenging the execution of his sentence. ECF No. 3-1. If Brown intends to contest DOC's calculation of his good time credits such that he is entitled to immediate release, he must first pursue a state habeas petition. *See* Md. Code Ann. Cts. & Jud. Proc. § 3-702(a) (2020 Repl.) (explaining who may file for habeas relief)*; Stouffer v. Holbrook*, 417 Md. 165 (2010) (state habeas challenge to DOC's calculation of good conduct credits).[2] Accordingly, the Petition will be dismissed without prejudice for lack of exhaustion.

### III. Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the dismissal turns solely on procedural grounds, a petitioner must demonstrate that "(1) 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v.*

---

[2] Brown argued to the Circuit Court that he had "exhausted internally all his options" with the DOC. ECF No. 3-1 at 34. But nothing in the record supports that he pursued judicial review of any DOC administrative determination even though such review is available. *See* Md. Code Ann. Corr. Servs. § 10-210 (final agency determination is subject to review in circuit court and thereafter in the Court of Special Appeals); Md Code. Ann., Cts. & Jud. Proc. § 12-202 (petition for certiorari to Maryland Court of Appeals).

*McDaniel*, 529 U.S. 473, 484 (2000)). Brown has not made the requisite showing, and so the Court declines to issue a certificate of appealability. Brown may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**IV.**   **Conclusion**

For above-stated reasons, the Petition is dismissed without prejudice for lack of exhaustion. The Court declines to issue a certificate of appealability. A separate Order follows.

| | |
|---|---|
| 3/8/22 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |